IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

Q.D.T., a Minor,                                       *

      Petitioner,                                  *

          v.                                          *   CIVIL ACTION NO. 2:05-CV-296-T

MICHAEL PROVITT, WARDEN, *et al.*,           *

      Respondents.                              *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas

corpus relief filed by Q.D.T., a minor, by and through his mother, Barbara Turner.   In his

petition, Petitioner challenges a final order, judgment, or decree for harassment entered

against him by the Juvenile Court of Montgomery County, Alabama, on March 24/31, 2005.

Upon review of the petition, the court concludes that the instant habeas corpus action

should be dismissed because Petitioner has failed to exhaust state remedies available on each

of the claims.  The Petitioner filed an appeal from the final order, judgment, or decree of the

juvenile court with the Circuit Court for Montgomery County, and application is currently

pending before the state court.  (Doc. No. 1, pg. 3.)

## DISCUSSION

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may file a petition

Dockets.Justia.com

seeking habeas relief in federal court, the petitioner must exhaust each claim presented to the federal court through remedies available in state court.     This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  28 U.S.C. § 2254(b) and (c).  *See O'Sullivan v. Boerckel*, 526 U. S. 838 (1999).

The Petitioner has not yet exhausted all of his available state court remedies.  His appeal of his judgment, final order, or decree is currently pending in the Circuit Court for Montgomery County, Alabama.  Thus, the court concludes that this petition for habeas corpus relief should be dismissed without prejudice in order to allow Petitioner to continue to pursue his state court remedies.  Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by Petitioner.  *See Granberry v. Greer*, 481 U.S. 129 (1987).

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 18, 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are

2

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th day of April, 2005.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE